UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABRAHAM MARTINEZ

VERSUS

DAVID MASSEY, ET AL.

CIVIL ACTION

No. 11-995

SECTION "I"

ORDER AND REASONS

Before the Court is a motion[1] to transfer filed by defendants, David Massey and Greenwich Insurance Company ("Greenwich"). Plaintiff, Abraham Martinez, has filed an opposition.[2] For the following reasons, the motion to transfer is **GRANTED**.

*BACKGROUND*

This case arises from an automobile accident involving two tractor trailers. The accident occurred on U.S. Interstate 12 in East Baton Rouge Parish.[3] As plaintiff alleges, David Massey operated his truck in a careless and reckless manner and collided into the back of Abraham Martinez's truck.[4] The Baton Rouge Police Department responded to the accident.[5] According to the witness statement of Kevin Prejean, an off-duty police officer of the Denham Springs Police Department, an EMS team responded to the accident, and the roadway was temporarily shut down.[6] Additionally, the accident caused a spill of diesel fuel that required cleanup.[7]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 10.
[3] R. Doc. No. 1, pg. 2.
[4] R. Doc. No. 1, pg. 2.
[5] R. Doc. No. 8-3, pg. 1.
[6] R. Doc. No. 8-3, pg. 2.
[7] R. Doc. No. 8-3, pg. 2.

1

Plaintiff, Martinez, is a resident of McAllen, Texas.[8] Following the accident, Martinez returned to Texas and received medical treatment.[9] Defendant, Massey, is a resident of Hernando, Mississippi.[10] Massey was allegedly operating the truck on the day of the accident as an employee of defendant, Ergon Trucking, Inc. ("Ergon"), a foreign corporation licensed to business in Louisiana.[11] Ergon is insured by defendant, Greenwich, a foreign insurance company licensed to do business in Louisiana.[12]

Martinez filed suit in the Eastern District of Louisiana.[13] Defendants now move to transfer this action to the Middle District of Louisiana. Defendants argue that because the accident occurred in the Middle District of Louisiana, and none of the parties or witnesses involved reside in the Eastern District of Louisiana, the Middle District of Louisiana represents a more convenient venue for this action.[14] Plaintiff responds that venue is appropriate in the Eastern District of Louisiana because the Court has personal jurisdiction over defendants, and defendants conduct the majority of their business in Orleans Parish.[15]

*LAW*

The United States Code permits a district court to transfer any civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The moving party has the burden of showing "good cause" for a transfer by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of the parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28

---

[8] R. Doc. No. 1, pg. 1.
[9] R. Doc. No. 8-2, pg. 1.
[10] R. Doc. No. 1, pg. 1.
[11] R. Doc. No. 18, pg. 1.
[12] R. Doc. No. 18, pg. 3.
[13] R. Doc. No. 1.
[14] R. Doc. No. 8-1.
[15] R. Doc. No. 10.

U.S.C. § 1404(a)).  If the transferee court is not clearly more convenient, then the court deciding whether to transfer should respect the plaintiff's choice of venue.  *Id.*

In determining whether a transfer is supported by the convenience of the parties and witnesses and the interest of justice, the Court must consider private and public interest factors. The private interest factors include, "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include, "'(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* None of these factors are "of dispositive weight." *Id*. (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## *ANALYSIS*

Before reaching the issue of whether a transfer to the Middle District of Louisiana is warranted by convenience and the interest of justice, the Court must determine whether the Middle District of Louisiana is a venue where the instant action might have been brought. 28 U.S.C. § 1404(a); *Volkswagen*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." (quoting 28 U.S.C. § 1404(a))).  The federal venue statute provides,

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all

3

>       defendants reside in the same State, (2) a judicial district in which
>       a substantial part of the events or omissions giving rise to the claim
>       occurred, or a substantial part of the property that is the subject of
>       the action is situated, or (3) a judicial district in which any
>       defendant is subject to personal jurisdiction at the time the action is
>       commenced, if there is no district in which the action may
>       otherwise be brought.

28 U.S.C. § 1391(a). Defendants did not address whether the action "might have been brought" in the Middle District of Louisiana, and plaintiff focuses his arguments on whether the suit "might have been brought" in the Eastern District of Louisiana. Nonetheless, the Court finds that the Middle District of Louisiana is an adequate venue for this action because the automobile accident giving rise to the action occurred within the Middle District of Louisiana. *See* 28 U.S.C. § 1391(a)(2).

The Court also finds that good cause supports a transfer to the Middle District of Louisiana. First, the private factors indicate that the Middle District of Louisiana is a more convenient forum than the Eastern District of Louisiana. The accident occurred in the Middle District of Louisiana.[16] The only non-party witness present at the scene of the accident was Denham Springs Police Officer Kevin Prejean, who resides in the Middle District of Louisiana.[17] There is no indication that the parties, potential witnesses, or any other forms of evidence are located in the Eastern District of Louisiana. As a result, the ease of access to sources of proof, the cost of attendance for willing witnesses, and the ensuing "practical problems that make trial of a case easy, expeditious and inexpensive" support a transfer to the Middle District of Louisiana.

Second, the public interest factors support a transfer to the Middle District of Louisiana.

---

[16] R. Doc. No. 1.
[17] R. Doc. No. 8-1, pg. 2. Officer Prejean states in his sworn witness report that he is a resident of Denham Springs, Louisiana. R. Doc. No. 8-3, pg. 8.

The case involves a localized interest that should be resolved in the Middle District of Lousiana. Denham Springs police officers and paramedics responded to the accident, and a Baton Rouge road was shut down as a result of the accident.  The Middle District of Louisiana has a far greater interest and connection to this matter than does the Eastern District of Louisiana. Plaintiff has presented no evidence indicating how this incident is connected to the Eastern District of Louisiana, other than his argument that, upon information and belief,  "Orleans Parish is the parish in which the defendants conduct the large majority of all of their activities within this state."[18] After considering the private and public factors, the court finds the Middle District of Louisiana is a more convenient forum than the Eastern District of Louisiana.

### *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that defendants' motion to transfer venue is **GRANTED**.  The above-captioned matter shall be transferred to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, September 12, 2011.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. No. 10, pg. 5.